1  MARSHALL E. ROSENBACH, ESQ. (State Bar No. 214214)
   **LAW OFFICES OF MARSHALL E. ROSENBACH**
2  468 N. Camden Drive, Suite 200
   Beverly Hills, California 90210
3  Telephone: (310) 860-4764
   Facsimile: (310) 860-4763
4
   Attorney for Plaintiffs
5  **DAVID A. KRATZ and**
   **MICHELLE D. KRATZ**
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DAVID A. KRATZ, an individual;      )   CASE NO.  CV08-01233 DSF
    MICHELLE D. KRATZ, an individual;   )   (OPx)
12                                      )
                       Plaintiffs,      )   Complaint Filed: February 22,
13                                      )   2008
    vs.                                 )
14                                      )   [Case Assigned to Honorable
    COUNTRYWIDE BANK, a division of     )   Dale S. Fischer, Courtroom 840]
15  TREASURY BANK, N.A.;                )
    TREASURY BANK, N.A., an unknown     )   **SECOND AMENDED**
16  business entity; and DOES 1 to 10,  )   **COMPLAINT**
    inclusive,                          )
17                                      )
                       Defendants.      )
18  _____    )

19         Plaintiffs DAVID A. KRATZ and MICHELLE D. KRATZ ("Plaintiffs")

20  allege:

21

22                      **PREFATORY ALLEGATIONS**

23         1.     This Complaint is filed under the Truth in Lending Act, 15 U.S.C. §

24  1601 (the "Act") to enforce the Plaintiffs' right to rescind a consumer credit

25  transaction, and to recover statutory damages, reasonable attorney's fees, and costs

26  by reason of the Defendants' violations of the Act and Regulation Z, 12 C.F.R. § 226

27  ("Regulation Z").

- 1 -

**SECOND AMENDED COMPLAINT**

1    2.    Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28

2   U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment by

3   virtue of 28 U.S.C. § 2201.

4    3.    Plaintiff DAVID A. KRATZ is and at all times mentioned herein was a

5   resident of the State of California.

6    4.    Plaintiff MICHELLE D. KRATZ is and at all times mentioned herein

7   was a resident of the State of California.

8    5.    The property which is the subject of this action is the primary dwelling

9   of the Plaintiffs. Its address is 1584 Vandagriff Way, Corona, California 92883 (the

10   "Property").

11    6.    Defendant COUNTRYWIDE BANK, a division of TREASURY BANK,

12   N.A., is and at all times mentioned herein was, an unknown business entity which

13   conducts and has conducted substantial business within California and this judicial

14   district.

15    7.    Defendant TREASURY BANK, N.A. is and at all times mentioned

16   herein was an unknown business entity which conducts and has conducted substantial

17   business within California and this judicial district.

18    8.    Plaintiffs substitute CAM FINANCIAL, INC. for DOE 1 in this action.

19   Defendant CAM FINANCIAL, INC. is and at all times mentioned herein was a

20   California corporation which conducts and has conducted substantial business within

21   California and this judicial district.

22    9.    At all times relevant hereto, Defendants, in the ordinary course of their

23   business, regularly extended or offered to extend consumer credit for which a finance

24   charge is or may be imposed or which, by written agreement, is payable in more than

25   four installments.

26    10.    Plaintiffs are ignorant of the true names and capacities of Defendants

27   sued herein as DOES 1 to 10, inclusive, and therefore sue these Defendants by such

**SECOND AMENDED COMPLAINT**

1    fictitious names. Plaintiffs will amend this Complaint to allege their true names and

2    capacities when ascertained. Plaintiffs are informed and believe and thereon allege

3    that each of the fictitiously named Defendants is responsible in some manner for the

4    occurrences herein alleged, and that Plaintiffs' injuries and right to compensations

5    herein alleged were proximately caused by the acts, errors, and omissions of said

6    fictitiously named Defendants and each of them.

7        11.     Plaintiffs are informed and believe, and based thereon allege, that

8    Defendants, and each of them, were the agents, employees, partners, joint venturers,

9    owners, principals, and employers of the remaining Defendants, and each of them,

10    are, and at all times herein mentioned were, acting within the course and scope of that

11    agency, partnership, employment, ownership, or joint venture. Plaintiffs are further

12    informed and believe and based thereon allege that the acts and conduct herein

13    alleged of each such Defendant were known to, authorized by, and/or ratified by the

14    other Defendants, and each of them.

15

16                         **FIRST CAUSE OF ACTION**

17            (Against Defendant Countrywide Bank and DOES 2 to 10)

18             (Rescission and Damages under 15 U.S.C. § 1635)

19

20        12.     Plaintiffs reallege and incorporate by reference the allegations of

21    paragraphs 1 through 11, inclusive, as though set forth at length herein again.

22        13.     On or about February 25, 2005, Plaintiffs entered into a consumer credit

23    transaction with Defendant Countrywide in which the extended consumer credit was

24    subject to a finance charge and which was initially payable to Defendants. The

25    transaction was referenced as loan no. 89719312. The loan was for $910,000.

26        14.     As part of this transaction, Defendants obtained a security interest in the

27    Property. The security interest was not created to finance the acquisition or initial

**SECOND AMENDED COMPLAINT**

1  construction of Plaintiffs' home.

2      15.    Defendant CAM FINANCIAL, INC. was the mortgage broker in
3  connection with the said loan. CAM FINANCIAL, INC. was the business partner and
4  agent of Defendant Countrywide Bank, and Plaintiffs are informed and believe, and
5  based thereon allege, that Countrywide Bank authorized Defendant CAM
6  FINANCIAL, INC. to underwrite the loan.

7      16.    In the course of this consumer transaction, Defendants violated 15
8  U.S.C. 1635(a) and Regulation Z, § 226.23, by failing to deliver to Plaintiffs two
9  copies of a notice of right to rescind that:

10          (1)    Identified the transaction date;

11          (2)    Clearly and conspicuously disclosed the date the rescission period
12                 expired.

13     17.    Plaintiffs were only provided with a single, uncomplete Notice of Right
14  to Cancel, a true and correct copy of which is attached hereto as Exhibit "A".

15     18.    Plaintiffs will amend this Complaint when additional Truth in Lending
16  violations are discovered.

17     19.    By reason of the foregoing violations, Plaintiffs have a right of
18  rescission for three years from the date of the transaction pursuant to 15 U.S.C.
19  1635(f).

20     20.    In addition to the foregoing violations of the Truth in Lending Act, 15
21  U.S.C. § 1601, et seq., the Truth in Lending Disclosure Statement failed to reflect all
22  fees associated with the loan, including a $200.00 appraisal fee. Also, Defendants
23  used inflated appraisals for the subject loan.

24     21.    On February 20, 2008, Plaintiffs served Defendants, and each of them,
25  with a letter giving Defendants notice of Plaintiffs' election to rescind the loan. A
26  true and correct copy of the February 20, 2008 notice is attached hereto as Exhibit
27  "B." The notice further demanded that Defendants return all money given as earnest

- 4 -
**SECOND AMENDED COMPLAINT**

1  money, down payment, or otherwise and take any action to reflect the termination of
2  the above-described deed of trust.

3      22.    As a direct and proximate cause of Defendants' violations of the law,
4  Defendants were compelled to rescind the loan. As a further direct and proximate
5  cause of such violations, Defendants were required to return such sums as required
6  under 15 U.S.C. § 1635(b).

7      23.    Defendants, and each of them, failed to rescind the loan or return the
8  monies owed to Plaintiffs within the requisite 20 days, thereby constituting an
9  additional Truth in Lending violation.

10     24.    By virtue of the foregoing violations of the Truth in Lending Act,
11  Plaintiffs' right to rescind the said loan was extended from 3 days to 3 years after
12  consummation of the transaction. 15 U.S.C. § 1635(f).

13     25.    As a direct and proximate cause of Defendants' violations under the
14  Truth in Lending Act, Plaintiffs have incurred attorney's fees which amount will be
15  proven at the time of trial.

16

17                      **SECOND CAUSE OF ACTION**

18              (Against Defendant Countrywide Bank and DOES 2 to 10)

19                    (Damages under 15 U.S.C. § 1640)

20

21     26.    Plaintiffs reallege and incorporate by reference the allegations of
22  paragraphs 1 through 25, inclusive, as though set forth at length herein again.

23     27.    As a result of the foregoing disclosure violations and Defendant
24  Countrywide Bank's failure to rescind the loan under Section 1635, Plaintiffs are
25  entitled to actual and statutory damages under 15 U.S.C. § 1640 in an amount to be
26  proven at the time of trial.

27     28.    Further, as a direct and proximate cause of Defendants' violations under

1   the Truth in Lending Act, Plaintiffs have incurred attorney's fees which amount will
2   be proven at the time of trial.

### THIRD CAUSE OF ACTION

(Against All Defendants and DOES 2 to 10)

(Fraud)

8      29.   Plaintiffs reallege and incorporate by reference the allegations of
9   paragraphs 1 through 28, inclusive, as though set forth at length herein again.

10      30.   Prior to the February 25, 2005 closing, Defendants, and each of them,
11   made material misrepresentations and non-disclosures which led to the Plaintiffs'
12   damages herein.

13      31.   Defendant CAM FINANCIAL, INC.'s misrepresentations and non-
14   disclosures were made by and through its broker, Wayne Cox.

15      32.   Defendant Countrywide Bank's misrepresentations were made in a
16   Good Faith Estimate prepared by Countrywide and sent to Plaintiffs on or about
17   February 18, 2005.

18      33.   In addition, Countrywide Bank and CAM FINANCIAL, INC., were
19   working in concert together to perpetrate the fraud on Plaintiffs as described herein.

20      34.   Defendants engaged in false and misleading advertising in connection
21   with the subject loan. Wayne Cox, on behalf of CAM FINANCIAL, INC., made the
22   following material misrepresentations to Plaintiffs:

23      (1)   That Plaintiff's home was valued significantly higher than its true
24         appraised value by using a fraudulent appraisal.

25      (2)   That the subject loan was a great loan and would have a very low
26         interest rate.

27      (3)   That the loan would be at a 1% interest rate for a period of time.

- 6 -

**SECOND AMENDED COMPLAINT**

1      (4)   That the prepayment penalty would only be 3% in the first year, 2% in
2            the second year, 1% in the third year.
3      (5)   That the prepayment penalty was necessary for Plaintiffs to qualify for
4            the subject loan, which was not true.
5      35.   Wayne Cox, on behalf of CAM FINANCIAL, INC., concealed the
6   following material information from Plaintiffs:
7      (1)   That the appraisal used properties significantly larger and different than
8            the Property.
9      (2)   That CAM FINANCIAL, INC. was reporting Michelle Kratz's income
10           as $7,500 per month.
11     (3)   That the prepayment penalty would be calculated based on 6 months of
12           interest.
13     (4)   That the subject loan was a negative amortization loan which would
14           cause a significant monthly increase in the loan balance.
15     (5)   CAM FINANCIAL's exorbitant broker's fee.
16     (6)   That the 1% interest rate would last only 1 month.
17     (7)   That Plaintiffs' interest payment would adjust beyond 4.125% to 8% per
18           month.
19     (8)   That the Good Faith Estimate and amortization schedule given to
20           Plaintiffs at the closing was substantially different than the good faith
21           estimate given to Plaintiffs prior to the closing.
22     (9)   That the reason a prepayment penalty was included was to generate a
23           higher YSP.
24     36.   Countrywide Bank misrepresented to Plaintiffs the terms of the loan by
25   sending a Good Faith Estimate on or about February 18, 2005 that was substantially
26   different than the good faith estimate given to Plaintiffs at the closing.
27     37.   Countrywide Bank and CAM FINANCIAL, INC. were business

- 7 -
**SECOND AMENDED COMPLAINT**

1  partners, and Defendants, and each of them, ratified, consented to, and encouraged
2  the wrongful conduct described above.

3      38.   Countrywide incentivized CAM FINANCIAL, INC. to perpetrate the
4  above-described fraud on Plaintiffs by paying CAM FINANCIAL, INC. a yield
5  spread premium which would not have otherwise been paid to CAM FINANCIAL,
6  INC. to the same extent.

7      39.   Countrywide knew that CAM FINANCIAL, INC. was perpetrating a
8  fraud on Plaintiffs, but concealed the fraudulent scheme from Plaintiffs.

9      40.   Plaintiffs justifiably relied on the foregoing representations and non-
10  disclosures in closing on the said loan.

11     41.   At the time Defendants made the foregoing misrepresentations, they
12  knew them to be false.  In addition, they knew that Plaintiffs would rely upon the
13  misrepresentations and non-disclosures in closing on the loan.

14     42.   Plaintiffs did not discover the foregoing fraud until a date within 3 years
15  of the date of filing of this complaint.

16     43.   As a direct and proximate result of Defendants' fraud, Plaintiffs closed
17  on the loan and suffered damages in an amount which will be proven at the time of
18  trial.

19     44.   Plaintiffs are informed and believe, and upon such information and
20  belief allege, that the actions of Defendants, as alleged herein, were not due to
21  inadvertence or excusable neglect, but rather were an intentional scheme by
22  Defendants to deprive Plaintiffs of property, legal rights or to otherwise cause injury
23  to Plaintiffs, such as to constitute malice, oppression or fraud under California Civil
24  Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount
25  appropriate to punish or set an example of said Defendants.  That as herein alleged,
26  said Defendants' conduct was willful, malicious and intended to cause damage to
27  Plaintiffs and done with a conscious disregard for Plaintiffs' rights.

- 8 -

**SECOND AMENDED COMPLAINT**

## **FOURTH CAUSE OF ACTION**

(Against All Defendants and DOES 2 to 10)

(Violations of Business and Professions Code section 17200, et seq.)

45.   Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 44, inclusive, as though set forth at length herein again.

46.   Beginning in February 2005 and continuing to the present time, Defendants committed acts of unfair competition as defined by Business and Professions Code section 17200, by engaging in the following practices:

(1)   Perpetrating a "bait and switch" on consumers by selling them on a very low interest rate loan and then changing the terms prior to closing to less favorable ones for the borrowers;

(2)   Selling borrowers on a very low interest rate without disclosing to borrowers that the loan is a negative amortization one which will cause the principal balance to increase monthly;

(3)   Artificially inflating appraisals in order to put borrowers into more expensive loans, thereby generating more money for the lenders and brokers.

47.   These acts and practices, as described in the previous paragraph, violate Business & Professions Code section 17200 because their policies and practices described above violate the Truth in Lending Act and Regulation Z and California Civil Code section 1709, and consequently, constitute an unlawful business act of practice within the meaning of Business & Professions Code section 17200.

48.   The harm to Plaintiffs and to members of the general public outweighs the utility of Defendants' policies and practices, and consequently, constitute an unlawful business act of practice within the meaning of Business & Professions Code section 17200.

- 9 -
**SECOND AMENDED COMPLAINT**

49.    Further, the foregoing conduct threatens an incipient violation of a consumer law, including, but not limited to, TILA, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

50.    Defendants' practices described above are likely to mislead the general public, and therefore, constitute a fraudulent business act of practice within the meaning of Business & Professions Code section 17200.

51.    The Defendants' unfair, unlawful, and fraudulent business practices and false and misleading advertising present a continuing threat to members of the public in that other consumers will be defrauded into closing on similar fraudulent loans.

52.    Plaintiffs and other members of the general public have no other adequate remedy of law.

53.    As a result of the aforementioned acts, Plaintiffs have lost money or property and suffered injury in fact. Defendants received and continues to hold Plaintiffs' money and other members of the public who fell victim to Defendants' scheme.

## **FIFTH CAUSE OF ACTION**

(Against All Defendants and DOES 2 to 10)

(Violations of Business and Professions Code section 17500, et seq.)

54.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 53, inclusive, as though set forth at length herein again.

55.    As shown above, Defendants have committed acts of untrue and misleading advertising as defined by Business and Professions Code section 17500 by engaging in the said acts and practices with intent to induce members of the public to enter into contracts for the purchase of home loans.

56.    The acts of untrue and misleading advertising by Defendants present a

## SECOND AMENDED COMPLAINT

1  continuing threat to members of the public.  Plaintiffs and other members of the
2  general public have no other adequate remedy of law.

3       57.    Plaintiffs have been forced to hire legal counsel to prosecute this claim
4  and have incurred attorneys' fees as a result.

5

6                         **SIXTH CAUSE OF ACTION**

7                    (Against All Defendants and DOES 2 to 10)

8                         (Breach of Fiduciary Duty)

9

10      58.    Plaintiffs reallege and incorporate by reference the allegations of
11 paragraphs 1 through 53, inclusive, as though set forth at length herein again.

12      59.    As Plaintiffs' broker, CAM FINANCIAL, INC. owed Plaintiffs a
13 fiduciary duty of care.  Plaintiffs reposed the utmost faith, confidence, and trust in
14 CAM FINANCIAL, INC. and its agent, Wayne Cox.

15      60.    By misrepresenting to Plaintiffs the true value of the Property, by
16 misrepresenting the terms and consequences of the loan, and by the other wrongful
17 conduct described herein, CAM FINANCIAL, INC. breached the fiduciary duty owed
18 to Plaintiffs.

19      61.    As a direct and proximate result of said Defendants' breach of fiduciary
20 duty, Plaintiffs closed on the loan and suffered damages in an amount which will be
21 proven at the time of trial.

22      62.    Plaintiffs are informed and believe, and upon such information and
23 belief allege, that the actions of said Defendant, as alleged herein, were not due to
24 inadvertence or excusable neglect, but rather were an intentional scheme by
25 Defendant to deprive Plaintiffs of property, legal rights or to otherwise cause injury
26 to Plaintiffs, such as to constitute malice, oppression or fraud under California Civil
27 Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount

                    **SECOND AMENDED COMPLAINT**

1    appropriate to punish or set an example of said Defendant.  That as herein alleged,
2    said Defendant's conduct was willful, malicious and intended to cause damage to
3    Plaintiffs and done with a conscious disregard for Plaintiffs' rights.

5    **WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of
6    them, as follows:

7    1.    For rescission of Loan no. 89719312 under 15 U.S.C. § 1635(a) and (b);

8    2.    For all sums to be paid under 15 U.S.C. § 1635(b);

9    3.    For damages under 15 U.S.C. § 1640(b);

10   4.    For attorney's fees pursuant to 15 U.S.C. § 1601, et seq.;

11   5.    For punitive damages under the 3rd and 6th causes of action;

12   6.    For attorneys' fees under the 1st, 2nd, 4th, and 5th causes of action;

13   7.    Pursuant to <u>Business and Professions Code</u> sections 17203 and 17535,
14         that Defendants be ordered to restore to Plaintiffs and the general public
15         all funds acquired by means of any act or practice declared by this Court
16         to be unlawful or fraudulent or to constitute unfair competition under
17         <u>Business and Professions Code</u> sections 17200, et seq. or 17500 et seq.

18   8.    For pre-judgment interest at the legal rate from the time of injury;

19   9.    For costs of suit incurred herein; and

20   10.   For such other and further relief as the Court may deem just and proper.

22   DATED: May 15, 2008          LAW OFFICES OF MARSHALL E. ROSENBACH

24                                By:____*/s/ Marshall E. Rosenbach*____
25                                    MARSHALL E. ROSENBACH
                                      Attorney for Plaintiffs
26                                    **DAVID A. KRATZ and MICHELLE
                                      D. KRATZ**

- 12 -

**SECOND AMENDED COMPLAINT**

1    **DEMAND FOR JURY TRIAL**

2

3    Plaintiffs hereby demand a trial by jury in this action.

4

5   DATED: May 15, 2008          LAW OFFICES OF MARSHALL E. ROSENBACH

6

7                        By:_____*/s/ Marshall E. Rosenbach*_____
                              MARSHALL E. ROSENBACH
8                             Attorney for Plaintiffs
                              **DAVID A. KRATZ and MICHELLE
9                             D. KRATZ**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 13 -
**SECOND AMENDED COMPLAINT**

# EXHIBIT "A"

## NOTICE OF RIGHT TO CANCEL

**RESCISSION-DIFFERENT LENDER**
**REFINANCE**

Prepared by: MARIA BUCIO

Countrywide Bank, a Division of Treasury
Bank, N.A.

DATE:        02/24/2005
BORROWER: DAVID A. KRATZ
CASE #:
LOAN #      89719312
PROPERTY ADDRESS: 1584 VANDAGRIFF WAY
                  CORONA, CA 92883-7653

Branch #: 0000918
55 SOUTH LAKE AVENUE #150
PASADENA, CA 91101
Phone: (626)431-2555
Br Fax No.: (626)792-3411

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

        (1)    The date of the transaction, which is _____ ; or
        (2)    The date you received your Truth in Lending disclosures; or
        (3)    The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Countrywide Bank, a Division of Treasury Bank, N.A.
55 SOUTH LAKE AVENUE #150
PASADENA, CA 91101

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____        _____
SIGNATURE                                                          DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_____        DATE        _____        DATE
BORROWER/OWNER                                                  BORROWER/OWNER
DAVID A. KRATZ                                                       MICHELLE D. KRATZ

_____        DATE        _____        DATE
BORROWER/OWNER                                                  BORROWER/OWNER

-64 (0010).05        CHL (04/03)(d)        VMP MORTGAGE FORMS - (800)521-7291        10/00

LOAN, #: 89719312

# WARNING REGARDING NOTICE OF RIGHT TO CANCEL

YOU MUST MAKE SURE THE DATES ON THE "NOTICE OF RIGHT TO CANCEL" ARE COMPLETED CORRECTLY, AND YOU MUST MAKE SURE THAT THE NOTICE IS PROPERLY SIGNED. If you do not, or if you make a mistake, we will require new, redrawn documents to be signed. Such a redraw could cause the funding to be delayed.

### How to Complete Dates

(#1) is the date on which the Note and Mortgage or Deed of Trust are signed. If there are multiple signers who sign on different dates, this date must be determined individually for each signer. If the date printed is incorrect, you may either call for a new form or correct by lining through the incorrect date, writing the correct date, and initialling the change. If you choose to correct the form, the change must be initialled by all persons who sign the Notice of Right to Cancel.

(#2) is calculated by counting the next 3 days after Date #1. Include Saturdays, but exclude Sundays and the federal holidays listed below:

| New Year's | Jan. 1 |
| King's Birthday | 3rd Mon. in Jan. |
| President's Day | 3rd Mon. in Feb. |
| Memorial Day | Last Monday in May |
| Independence | July 4 |
| Labor Day | 1st Mon. in Sept. |
| Columbus Day | 2nd Mon. in Oct. |
| Veterans Day | Nov. 11 |
| Thanksgiving | 4th Thurs. in Nov. |
| Christmas | Dec. 25 |

Examples:
If Date #1 is a ...  Then Date #2 is the date of the following (insert actual date of rescission expiration) ..

* Monday with no holiday The following Thursday's date
* Friday with no holiday The following Tuesday's date
* Friday with Monday holiday The following Wednesday's date

(#3) must be signed by each person who has a right to rescind. Each signature must be dated.

Each person who signs the Notice of Right to Cancel must be given two copies with all the dates filled in

---

DATE:
BORROWER:
CASE #:
LOAN #:
PROPERTY ADDRESS

#### NOTICE OF RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is _____ (#1) ; or
(2) The date you received your Truth in Lending disclosures; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

#### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

You may use any written statement that is signed and dated by you and states your intention to cancel and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____ (#2) (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
I WISH TO CANCEL

| CONSUMER'S SIGNATURE | DATE |

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL one copy of the Federal Truth in Lending Disclosure statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each of the borrowers in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

(#3)

| BORROWER | DATE | BORROWER | DATE |

FNMA/VA/CONV
* Warning Regarding Notice of Right to Cancel
2C345-US (07/02).01(d)

# EXHIBIT "B"

LAW OFFICES
## MARSHALL E. ROSENBACH
468 N. CAMDEN DRIVE, SUITE 200
BEVERLY HILLS, CALIFORNIA 90210
TELEPHONE (310) 860-4764
FACSIMILE (310) 860-4763

February 20, 2008

## VIA PERSONAL SERVICE AND TELECOPIER
(877) 888-8977

Countrywide Bank, a Division of Treasury Bank, N.A.
55 South Lake Avenue, #150
Pasadena, California 91101

    Re:   *My clients, David A. and Michelle D. Kratz*
          Loan no. 89719312
          Property Address: 1584 Vandagriff Way, Corona, CA 92883

Dear Sir/Madam:

Please be advised the undersigned has been retained to represent David A. and Michelle D. Kratz in connection with the above-referenced loan. This letter serves as my clients' notice to rescind the above-referenced loan, Loan no. 89719312, pursuant to 15 U.S.C. § 1635. The basis for the rescission is Countrywide's violations of the Truth in Lending Act ("TILA") by the omissions described below. Because of those violations, my clients' right to rescind was extended to 3 years after consummation of the transaction, and therefore, this notice to rescind is timely. See Section 1635(f).

With regard to the TILA violations, attached is a single copy of the Notice of Right to Cancel that my clients received at the document signing on February 25, 2005. The Notice violates the disclosure provisions of the Truth in Lending Act by (1) failing to fill in the date of the transaction at the top of the Notice, (2) failing to fill in the cancellation deadline in the middle of the page, (3) failing to obtain both Michelle and David Kratz's signatures at the bottom of the Notice, and (4) failing to provide 2 copies of the fully completed Notice to Mr. and Mrs. Kratz. Indeed, the second page of the Notice of Right to Cancel explains where each of the dates must be inserted, and the need for signatures and 2 copies.

In addition, the Truth in Lending Disclosure Statement failed to reflect the $200.00 appraisal fee that is shown in the HUD Settlement Statement.

019/021

LAW OFFICES OF MARSHALL E. ROSENBACH
re: *Loan no. 89719312*
Countrywide Bank
February 20, 2008
Page 2

In addition to rescinding the loan, Section 1635(b) requires Countrywide "[w]ithin 20 days after receipt of a notice of rescission . . . [to] return to the obligor any money or property given as earnest money, downpayment, or otherwise, and . . . take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."

You are hereby demanded to return such sums of money in accordance with Section 1635. Please contact me upon your receipt of this letter to discuss the rescission and the total amount to be paid by Countrywide to Mr. and Mrs. Kratz.

Very truly yours,

MARSHALL E. ROSENBACH

MER:jb
Enclosure

cc: Treasury Bank, N.A. (Via

## NOTICE OF RIGHT TO CANCEL

**RESCISSION-DIFFERENT LENDER**
**REFINANCE**
**Countrywide Bank, a Division of Treasury Bank, N.A.**

Prepared by: MARIA BUCIO

DATE:      02/24/2005
BORROWER: DAVID A. KRATZ
CASE #:
LOAN #:    89719312
PROPERTY ADDRESS: 1584 VANDAGRIFF WAY
                  CORONA, CA 92883-7653

Branch #: 0000918
55 SOUTH LAKE AVENUE #150
PASADENA, CA 91101
Phone: (626)431-2555
By Fax No.: (626)792-3411

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within **THREE BUSINESS DAYS** from whichever of the following events occurs last:

    (1)    The date of the transaction, which is _____ ; or
    (2)    The date you received your Truth in Lending disclosures; or
    (3)    The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Countrywide Bank, a Division of Treasury Bank, N.A.
55 SOUTH LAKE AVENUE #150
PASADENA, CA 91101

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

SIGNATURE _____                    DATE _____

---

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

BORROWER/OWNER
DAVID A. KRATZ                             DATE        BORROWER/OWNER
                                                       NICHELLE D. KRATZ                 DATE

BORROWER/OWNER
                                           DATE        BORROWER/OWNER                    DATE

-64 (0010).08    CHL (04/03)(d)            VMP MORTGAGE FORMS - (800)521-7291            10/00

LOAN #: 89719312

## WARNING REGARDING NOTICE OF RIGHT TO CANCEL

YOU MUST MAKE SURE THE DATES ON THE "NOTICE OF RIGHT TO CANCEL" ARE COMPLETED CORRECTLY, AND YOU MUST MAKE SURE THAT THE NOTICE IS PROPERLY SIGNED. If you do not, or if you make a mistake, we will require new, redrawn documents to be signed. Such a redraw could cause the funding to be delayed.

**How to Complete Dates**

(#1) is the date on which the Note and Mortgage or Deed of Trust are signed. If there are multiple signers who sign on different dates, this date must be determined individually for each signer. If the date printed is incorrect, you may either call for a new form or correct by lining through the incorrect date, writing the correct date, and initialling the change. If you choose to correct the form, the change must be initialled by all persons who sign the Notice of Right to Cancel.

(#2) is calculated by counting the next 3 days after Date #1, include Saturdays, but exclude Sundays and the federal holidays listed below:

| | |
|---|---|
| New Year's | Jan. 1 |
| King's Birthday | 3rd Mon. in Jan. |
| President's Day | 3rd Mon. in Feb. |
| Memorial Day | Last Monday in May |
| Independence | July 4 |
| Labor Day | 1st Mon. in Sept. |
| Columbus Day | 2nd Mon. in Oct. |
| Veterans Day | Nov. 11 |
| Thanksgiving | 4th Thurs. in Nov. |
| Christmas | Dec. 25 |

Examples:

If Date #1 is a ... Then Date #2 is the date of the foll-wing (insert actual date of rescission expiration)...

• Monday with no holiday The following Thursday's date

• Friday with no holiday The following Tuesday's date

• Friday with Monday holiday The following Wednesday's date

(#3) must be signed by each person who has a right to rescind. Each signature must be dated.

Each person who signs the Notice of Right to Cancel must be given two copies with all the dates filled in,

---

DATE:
BORROWER:
CASE #:
LOAN #:
PROPERTY ADDRESS.

### NOTICE OF RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last: (#1)

(1) The date of the transaction, which is _____; or
(2) The date you received your Truth in Lending disclosures; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:

You may use any written statement that is signed and dated by you and states your intention to cancel and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of (#2) (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____  _____
CONSUMER'S SIGNATURE            DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL one copy of the Federal Truth in Lending Disclosure statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each of the borrowers in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

(#3)

_____  _____  _____  _____
BORROWER         DATE    BORROWER         DATE

---

FHA/VA/CONV
• Warning Regarding Notice of Right to Cancel
2C345-US (07/02).01(d)